## UNITED STATES, APPELLANT, *v.* DAVID MILLER AND OTHERS, RESPONDENTS.

POSTMASTER.—FRAUDULENT RETURNS.—SETTLEMENT.—In an action against a postmaster and the sureties upon his bond under 20 Stat. 141, providing that the postmaster general, when he shall be satisfied that a postmaster has made a false return of business, may within his discretion, withhold commissions on such returns, when the postmaster general has adjudged certain returns fraudulent and has withheld regular commissions thereon, and suit is brought for amounts paid to the postmaster above the commissions allowed by the postmaster general, it is error to exclude evidence of    full settlement made by the postmaster with the government upon his retirement from office.

ID.—ID.—PROOF OF FRAUD.—When the government, upon a readjustment of a postmaster's accounts for returns adjudged by the postmaster general to be fraudulent, seeks to recover the amounts paid to the postmaster over and above the compensation allowed by the postmaster general, it must prove the returns to be fraudulent before any recovery can be had.

APPEAL from an order of the district court of the second district granting a new trial.

The opinion states the facts, except the following:  The complaint in the action was based upon the idea that the postmaster general under the law had  the right to fix the compensation of  fourth class postmasters, and  that if the government had upon the quarterly accounts of any postmaster made him a credit for compensation upon the basis of his returns, and afterwards the postmaster general should become satisfied that those returns were fraudulent, he could withhold the commissions allowed by law upon returns not fraudulent, and fix any compensation he deemed proper,

and all credits allowed to the postmaster, in excess of the compensation allowed could be recovered by the government.

The statute was as follows, 20 Stat. at Large, p. 140: "That the compensation of postmasters of the fourth class shall be the whole of the box rents collected at their offices and commissions upon unpaid letter postage collected, etc., and on postage stamps, stamped envelopes, postal cards and newspaper and periodical stamps cancelled as postages on matter actually mailed at their offices, at the following rate, namely: on the first one hundred dollars or less per quarter, sixty per centum; on all over one hundred dollars and not over three hundred dollars per quarter, fifty per centum, and on all over three hundred dollars per quarter, forty per centum; the same to be ascertained and allowed by the auditor in the settlement of the accounts of such postmasters, upon their sworn quarterly returns: *Provided*, That in any case where the postmaster general shall be satisfied that a postmaster has made a false return of business, it shall be within his discretion to withhold commissions on such returns, and to allow any compensation that he may deem reasonable.

The evidence in the case showed the returns for each quarter from June 30, 1879, up to the year 1876, the time when the postmaster ceased to be such, the amount of the compensation allowed him as commissions upon the stamps returned as actually cancelled. Then the account was introduced showing for the same length of time on the debit side all the stamps sent to the postmaster, with which he was debited, and on the credit side, the postmaster was credited with all stamps returned, all amounts paid by him to the United States and all commissions upon his quarterly returns. Then the account showed the amount which was due the government by reason of the change in his compensation made October 13, 1887. And then the order of the postmaster-general quoted in the

opinion. Thereupon the plaintiff rested. The defendant then desired to offer in evidence the settlement alleged in his answer. This turned out to be a payment of five dollars and some few cents, made at the end of the last quarterly return, on the basis of that return. This evidence was excluded because it was not a full settlement because no question had then been made on the accounts, and because the whole general account with the postmaster was a running account and the settlement upon each quarterly return was not a full settlement. This particular settlement was already in evidence and was one of the entries on the account already introduced by the plaintiff. Thereupon the defendants rested. The sureties were exonerated because the statute of limitations had run as to them. The court instructed the jury to return a verdict for the plaintiff, because the postmaster had accepted his office, knowing that his salary was under the control of the postmaster general, and subject to his orders, and because the account of the postmaster was a current account, as shown by the testimony, and other payments had been made and allowed thereon both in favor of and against the postmaster. Subsequently the court granted a new trial.

*Mr. Charles S. Varian,* U. S. Attorney, for the appellant.

*Mr. Presley Denny,* for the respondent.

BLACKBURN, J.:

This is a suit to recover from the defendant Miller and his bondsmen on a balance claimed to be due from him. This claim is based upon a certificate of the postmaster general made upon the authority conferred upon him by the following provision of law: "That, in any case, when the postmaster general shall be satisfied that a postmaster has made false return of business, it shall be

within his discretion to withhold commissions on such returns, and to allow any compensation that, under the circumstances, he may deem reasonable. 20 St. at Large, p. 141. The plaintiff offered in evidence the following certificate of the postmaster general: "Post-Office Department. Office of the Postmaster General. (Order No. 477.) Washington, D. C., October 13, 1887. Being satisfied that David Miller, P. M., has made false returns at the postoffice at said place during the period from October 1, 1880, to June 30, 1886, in order to increase his compensation beyond the amount he would be justly entitled to have by law, now, in exercise of a discretion conferred by an act of Congress entitled, 'An act making appropriations for the services for the postoffice department for the fiscal year ending June 30, 1879, and for other purposes,' approved June 17, 1878, I hereby withhold commissions on the returns aforesaid, and allow as compensation in place of such commissions, and in addition, the box rent, deemed by me, under the circumstances, to be reasonable, during the period aforesaid, at the rate of $10 per quarter; and the auditor is requested to adjust his accounts accordingly. A. E. STEVENSON, Acting Postmaster General." The plaintiff also offered in evidence the bond of the defendant; also, the adjusted accounts made by the auditor, which show an indebtedness. This evidence was objected to, and objection overruled. The plaintiff rested. The defendants moved the court to direct the jury to return a verdict for the defendants. The court overruled the motion as to the defendant Miller, and sustained it as to the other defendants. The defendant then offered to prove that he had gone out of office in 1886, and had a full settlement with the department in 1886, in which the department was found indebted to him in the sum of over five dollars, which was paid him. This testimony was not allowed to go to the jury. The defendant rested, and the court instructed the

jury to find a verdict for plaintiff against the defendant Miller for the sum shown due by the auditor's readjusted account. Afterwards a motion was made by the defendant to set aside the verdict and for a new trial. The court granted the motion, and from the order granting a new trial this appeal is taken.

We think the court committed no error in granting a new trial; for he had erred in excluding the testimony of the settlement made by the defendant with the department after he went out of office, and years before the certificate of the postmaster general as to his supposed delinquencies. It will be noticed that the statute uses the word "withhold." That cannot be withheld that has already been given. The government settled with the defendant, and found there was due him the sum of five dollars and a few cents, and paid him. More than a year after the postmaster general made the certificate given in evidence. Now it is claimed that the government had a right to recover against the defendant because the postmaster general certified that he had become satisfied that the defendant made false returns of the business of his office to increase his compensation, and ordered a readjustment of the accounts, and the readjusting of the accounts found the defendant owing the government over $200; and this was all done without any notice to the defendant, or giving him any opportunity to be heard on the charges of fraud. The plaintiff made no proof of the fraud, nor had the defendant any opportunity to meet the charge. We think no man can be found guilty of a fraud against the government, on the mere certificate of any officer of the government, even if a statute of the Congress authorizes it. Such statute is in violation of natural right, and of that clause of the constitution that provides that a man cannot be deprived of life, liberty or property without due process of law; for it is not due

process to find a man guilty of a fraud without any evidence whatever of his guilt. We think the true interpretation of the statute is that before the final adjustment of any postmaster's accounts, the postmaster general, if he becomes satisfied that the postmaster has made false returns to increase his compensation, may withhold the compensation allowed by law, and allow him such compensation as may seem right; and even then the postmaster should be entitled to a hearing on the charge of fraud against him. But after his accounts have been finally adjusted, and his compensation been allowed him, the postmaster general cannot withhold his compensation—for he has nothing to withhold—and cause a readjustment of the accounts, and on such restated account and the certificate of the postmaster general, without other evidence, recover against the postmaster for any balance such readjusted account may show due the government. In such case the fraudulent returns should be charged and proved as in any case where the charge of fraud is the basis of recovery; for fraud must be proved,—it is never presumed; and this rule applies to the government as well as to individual litigants.

In this case the court erred in instructing the jury to find for the plaintiff on the certificate of the postmaster general and the restated account of the department, without requiring other evidence, and therefore properly granted a new trial. These views are supported by the case of *U. S.* v. *Hutcheson,* 39 Fed. Rep. 540. The judgment of the court below is affirmed.

ZANE, C. J., and MINER, J., concurred.